UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIATRIS HEALTHCARE (PTY) LTD.,<br><br>        Petitioner,<br><br>  -against-<br><br>SEDIA BIOSCIENCES CORPORATION,<br><br>        Respondent. | 25-cv-8790 (AS)<br><br>OPINION AND ORDER |

ARUN SUBRAMANIAN, United States District Judge:

Petitioner Viatris Healthcare (Pty) Ltd. ("Viatris") seeks confirmation of, and entry of judgment on, its arbitration award ("Award") against Sedia Biosciences Corporation ("Sedia"). The Court CONFIRMS the Award in favor of Viatris in the amount of $335,072.71, plus post-Award interest at a rate of 4.36% for each day after October 13, 2025 until the date of this Court's judgment, and then post-judgment interest under 28 U.S.C. § 1961 until Sedia pays the Award and all applicable interest in full.

## BACKGROUND

Viatris and Sedia had a dispute governed by an arbitration provision, by which they arbitrated in New York under New York law. The arbitrator determined that each side owed the other side money, but that Sedia owed Viatris hundreds of thousands of dollars more. Sedia didn't pay Viatris by the deadline, so Viatris filed its petition to ensure that Sedia pays.

## DISCUSSION

First, the Court has subject-matter jurisdiction. The Award is a nondomestic arbitral award under 9 U.S.C. § 202 because Viatris is a citizen of South Africa and Sedia is a citizen of the United States. *See Commodities & Mins. Enter. Ltd. v. CVG Ferrominera Orinoco, C.A.*, 49 F.4th 802, 809 (2d Cir. 2022) (determining arbitration award is "not considered as domestic" if it "involv[es] parties domiciled or having their principal place of business outside the enforcing jurisdiction" (quoting *Bergesen v. Joseph Muller Corp.*, 710 F.2d 928, 932 (2d Cir. 1983)). Because the Award is a nondomestic arbitral award, this action falls under the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards, so the Court has jurisdiction under 9 U.S.C. § 203.

Neither side disputes that the Court should confirm the Award. Neither side disputes that Sedia owes Viatris $335,072.71 in net damages, including pre-Award interest. Dkt. 13 at 1. And neither side disputes the applicability of, or rate governing, post-Award interest. The parties dispute only the extent of post-Award interest. Viatris says Sedia owes it post-Award interest at a rate of 4.36%

for each day after October 13, 2025 until Sedia pays the Award plus "accrued post-Award interest *as of the payment date in full*." Dkt. 13 at 1 (emphasis added). Sedia argues that post-Award interest should be cut off *as of the date of judgment*. Dkt. 12 at 3.

The Award provides that "[p]ost-award simple interest shall run at [the Secured Overnight Financing Rate recommended by the Federal Reserve Bank of New York]. . . until payment is made in full." Dkt. 6-2 (Award) ¶ 503(m). That's fine up until the date this Court executes judgment. But "federal law controls post-judgment interest by statute," that being 28 U.S.C. § 1961, and the "'Second Circuit has held that this statute applies equally to a federal judgment confirming an arbitration award, even if the award itself sets a different interest rate.'" *Maersk Line Ltd. v. Nat'l Air Cargo Grp., Inc.*, 2017 WL 4444941, at *3 (S.D.N.Y. Oct. 4, 2017).[1]

## CONCLUSION

Accordingly, the Award is CONFIRMED. Sedia shall pay Viatris $335,072.71, plus post-Award interest at a rate of 4.36% for each day after October 13, 2025 until the date of the Court's judgment, and then post-judgment interest under 28 U.S.C. § 1961 until Sedia pays the judgment. By **December 18, 2025**, Viatris shall submit a proposed judgment in line with this Opinion and Order, based on a judgment date of December 19, 2025.

The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: December 15, 2025
New York, New York

ARUN SUBRAMANIAN
United States District Judge

---

[1] There's a way that litigants seeking to confirm an arbitration award could circumvent section 1961. *See Maersk*, 2017 WL 4444941, at *4 ("The Second Circuit has established that although parties may depart from § 1961's applicable interest rate by contract, they must do so through clear, unambiguous and unequivocal language." (cleaned up)); *see Ceratosaurus Invs. LLC v. Williams*, 2025 WL 2792646, at *3 (S.D.N.Y. Oct. 1, 2025). But that exception doesn't apply here, because the parties' contract doesn't include any such departure. Dkt. 6-1.

2